THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
Buffalo Division

------------------------------------------------------------------x
COTT CORPORATION and )
CLIFFSTAR, LLC, )
                                                        Plaintiffs, )    Case No. 11-cv-0552
)
                  - against - )    **JURY TRIAL DEMANDED**
)
DECAS BOTANICAL SYNERGIES, LLC, )
)
                                       Defendant. )
------------------------------------------------------------------x

## FIRST AMENDED COMPLAINT

Plaintiffs Cott Corporation ("Cott") and Cliffstar, LLC ("Cliffstar") (collectively "Plaintiffs"), by their attorneys Lippes Mathias Wexler Friedman LLP for their Amended Complaint against Decas Botanical Synergies, LLC ("Defendant") allege as follows:

### PRELIMINARY STATEMENT

1. This is an action for a declaratory judgment of non-infringement, invalidity, and unenforceability of U.S. Patent Nos. 5,474,774; 5,525,341; 5,646,178; and 5,650,432 (collectively "Defendant's Patents").

2. On information and belief, Defendant's Patents were assigned to the Defendant on December 8, 2010 by JLB, Inc.

3. This action additionally seeks judgment and damages against Defendant for tortious interference with Plaintiffs' current and prospective contractual and business relationships.

## THE PARTIES

4.      Cott is a non-alcoholic retailer brand beverage company with a principal place of business in Tampa, Florida. Its product lines include carbonated soft drinks, clear, still and sparkling flavored waters, energy-related drinks, juice, juice-based products, bottled water and ready-to-drink teas.

5.      Cliffstar is a wholly-owned subsidiary of Cott with a principal place of business in Dunkirk, New York.  Cliffstar is engaged in the production of private label shelf-stable juices along with sports drinks, teas, and other private-label beverages, as well as nutriceuticals and fruit-based food supplement ingredients.

6.      Upon information belief, Defendant is a Massachusetts limited liability company with an address at 4 Old Forge Drive, Carver, MA 02330.

## JURISDICTION AND VENUE

7.      This action arises under the Patent Laws of the United States, Title 35, United States Code and common law. This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 2201, 1331 and 1338(a), and supplemental jurisdiction over the common law claims under 28 U.S.C. § 1367(a). Additionally, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship between Plaintiffs and Defendant, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

9.      This Court has personal jurisdiction over Defendant because Defendant regularly transacts business and actively targets customers throughout the State of New York and within this judicial district.

## FACTUAL BACKGROUND

10. In a letter dated November 15, 2010 Defendant offered Cott a license, *inter alia*, for Defendant's Patents. This letter is attached hereto as **Exhibit A**. Thereafter, on December 10, 2010 Tim Heeg, the principal of Northern Lights Food Processing, LLC, Cott's cranberry product processor, sent an email to Defendant's CEO Doug Klaiber in which he explained he was not interested in a cross-licensing arrangement with Defendant.

11. On December 14, 2010, in response to Mr. Heeg's email, Mr. Klaiber stated that Plaintiffs' "cranberry products fall within the scope of the broad based claims of our [Defendant's] Patents" and threatened that failure to enter into such an agreement would likely lead to patent litigation. The email correspondence between Klaiber and Heeg is attached hereto as **Exhibit B**.

12. Beginning in or about October of 2010 Defendant began contacting Plaintiffs' customers, business partners and potential customers, including, but not limited to, Amerifit, Pharmavite, and Costco, and began interfering with Plaintiffs' current and prospective contractual and business relationships.

13. Defendant was aware of Plaintiffs' current and prospective contractual and business relationships with Plaintiffs' customers, business partners and potential customers when it interfered with these relationships.

14. Defendant intentionally interfered with Plaintiffs' current and prospective contractual and business relationships with the intent to induce breach of current contractual and/or business relationships and/or prevent formation of prospective contractual and/or business relationships by representing to them, *inter alia*, that Plaintiffs engage in unlawful activities that

violate Defendant's rights and business with the Plaintiffs may result in legal action against them and subject them to liability and damages.

15. Defendant's aforesaid interference has resulted in breach of Plaintiffs' current contractual and/or business relationships and/or prevented formation of prospective contractual and/or business relationships.

16. Plaintiffs have suffered and continue to suffer substantial damages and irreparable harm as a result of Defendant's unlawful actions.

## COUNT 1 - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

17. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

18. Plaintiffs do not practice any of the claims of Defendant's Patents and accordingly do not infringe directly or indirectly any of the claims of Defendant's Patents.

19. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

20. A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain its rights regarding Defendant's Patents.

## COUNT 2 - DECLARATORY JUDGMENT OF UNENFORCEABILITY

21. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

22. Upon information and belief, Defendant has unlawfully marked products not covered by Defendant's Patents with their patent numbers and have misrepresented the scope of the claims of their patents to the public.

23. Defendant's Patents are unenforceable under the doctrine of unclean hands and patent misuse.

24. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

25. A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain its rights regarding Defendant's Patents.

## COUNT 3 - DECLARATORY JUDGMENT OF INVALIDITY

26. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

27. Upon information and belief, Defendant's Patents are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.,* 101, 102, 103, and/or 112.

28. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

29. A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain its rights regarding Defendant's Patents.

## COUNT 4 - TORTIOUS INTERFERENCE WITH CURRENT AND PROSPECTIVE CONTRACTUAL AND BUSINESS RELATIONSHIPS

30. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

31. Defendant's aforesaid actions constitute tortitious interference with Plaintiffs' current and prospective business and contractual relationships.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendant, as follows:

(a) A declaration that Plaintiffs have not infringed, either directly or indirectly, any valid and enforceable claim of Defendant's Patents;

(b) A declaration that the claims of Defendant's Patents are invalid;

(c) A declaration that Defendant's Patents are unenforceable;

(d) An order declaring that Plaintiffs are a prevailing party and that this is an exceptional case, awarding Plaintiffs their costs, expenses, disbursements and reasonable attorneys fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law;

(e) Such other and other relief as this Court may deem just and proper;

(f) An order for Damages resulting from the loss of current and prospective economic value and opportunity due to Defendant's tortious interference with Plaintiffs' current and prospective contractual and business relationships;

(g) A preliminary and permanent injunction, enjoining Defendant from interfering with Plaintiffs' current and prospective business and contractual relationships.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Fed. R. Civ. P., Plaintiffs hereby demand a trial by jury for all issues triable of right by a jury in this case.

Dated: Buffalo, New York
July 15, 2011

                                      LIPPES MATHIAS WEXLER FRIEDMAN LLP

                                      */s/ Kevin J. Cross*
                                      Dariush Keyhani
                                      dkeyhani@lippes.com
                                      Kevin J. Cross
                                      kcross@lippes.com
                                      Richard M. Scherer, Jr.
                                      rscherer@lippes.com
                                      665 Main Street, Suite 300
                                      Buffalo, NY 14203
                                      (716) 853-5100 Main Number
                                      (716) 898-8938 Direct Line
                                      (716) 299-2499 Facsimile