UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
Buffalo Division

| | |
|---|---|
| COTT CORPORATION and CLIFFSTAR, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> DECAS BOTANICAL SYNERGIES, LLC, <br><br> Defendant. | Civil Action No. 11-cv-0552 <br><br> **DEMAND FOR JURY TRIAL** |

## DECAS BOTANICAL SYNERGIES, LLC'S ANSWER TO THE AMENDED COMPLAINT

Defendant Decas Botanical Synergies, LLC ("DBS") hereby answers the Amended Complaint ("the Amended Complaint") filed by Cott Corporation. ("Cott") and Cliffstar, LLC ("Cliffstar") by denying each and every allegation contained therein, except those that are specifically admitted or modified in this answer:

### PRELIMINARY STATEMENT

1. DBS admits that the Amended Complaint alleges non-infringement, invalidity, and unenforceability of U.S. Patents Nos. 5,474,774; 5,525,341; 5,646,178; and 5,650,432 (collectively, the "Defendant's Patents") as alleged in paragraph 1 of the Amended Complaint.

2. DBS admits that JLB, Inc. assigned the Defendant's Patents to DBS on January 6, 2011. DBS denies the remaining allegations in paragraph 2 of the Amended Complaint.

3. DBS admits that the Amended Complaint alleges tortious interference and seeks judgment and damages. DBS denies the remaining allegations in paragraph 3 of the Amended Complaint.

## THE PARTIES

4. Upon information and belief, DBS admits that Cott has a principal place of business in Tampa, Florida. DBS is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 4 of the Amended Complaint and therefore denies the same.

5. On information and belief, DBS admits that Cliffstar is a subsidiary of Cott and has a principal place of business in Dunkirk, New York. DBS is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 5 of the Amended Complaint and therefore denies the same.

6. DBS admits that it is a Massachusetts limited liability corporation having a principal place of business at 4 Old Forge Drive, Carver, MA 02330.

## NATURE OF THE ACTION

7. To the extent that paragraph 7 of the Amended Complaint contains conclusions of law, no answer is required from DBS. To the extent that an answer is required, DBS admits the Court has subject matter jurisdiction over the declaratory judgment patent claims pursuant to 28 U.S.C. §§ 2201, 1331 and 1338(a). DBS is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 7 of the Amended Complaint and therefore denies the same.

8. DBS denies that venue is proper in this District.

9. To the extent paragraph 9 of the Amended Complaint states legal conclusions, no answer is required. To the extent an answer is required, DBS denies that this court has personal jurisdiction over DBS, but will not contest personal jurisdiction for the purposes of this case. DBS denies the remaining allegations in paragraph 9 of the Amended Complaint.

## **FACTUAL BACKGROUND**

10. DBS admits that counsel sent correspondence on DBS's behalf to Cott on November 15, 2010. DBS refers the court to the letter, attached to the Amended Complaint as Exhibit A, as the best evidence of its contents. DBS furthermore admits that Northern Lights Food Processing, LLC principle Tim Heeg sent an email on December 10, 2010 to DBS's CEO Doug Klaiber that states "[w]e're not interested in a cross licensing arrangement at this time." DBS refers the court to the entire email exchange, attached to the Amended Complaint as Exhibit B, as the best evidence of its content. DBS denies the remaining allegations in paragraph 10 of the Amended Complaint.

11. DBS admits that Mr. Klaiber sent an email on December 14, 2010 in response to Mr. Heeg. DBS refers the court to the email exchange, attached to the Amended Complaint as Exhibit B, as the best evidence of its content. DBS denies the remaining allegations in paragraph 11 of the Amended Complaint.

12. DBS admits that DBS and/or counsel for DBS contacted Amerifit, Pharmavite, and Costco in October 2010 and November 2010. DBS denies the remaining allegations in paragraph 12 of the Amended Complaint.

13. On information and belief, DBS admits that it was the sole supplier of cranberry products to Amerifit until about October 2010, when it became aware that Amerifit had switched to another supplier that DBS later learned was Cliffstar. DBS also admits that it was aware Cliffstar had supply contract(s) with Costco and/or Pharmavite. DBS denies the remaining allegations in paragraph 13 of the Amended Complaint.

14. DBS denies the allegations in paragraph 14 of the Amended Complaint.

15. DBS denies the allegations in paragraph 15 of the Amended Complaint.

16. DBS denies the allegations in paragraph 16 of the Amended Complaint.

## COUNT 1
(DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

17. DBS repeats and incorporates by reference its responses to each of the preceding paragraphs as if fully set forth herein.

18. DBS denies the allegations in paragraph 18 of the Amended Complaint.

19. DBS denies the allegations in paragraph 19 of the Amended Complaint.

20. DBS denies the allegations in paragraph 20 of the Amended Complaint.

## COUNT 2
(DECLARATORY JUDGMENT OF UNENFORCEABILITY)

21. DBS repeats and incorporates by reference its responses to each of the preceding paragraphs as if fully set forth herein.

22. DBS denies the allegations in paragraph 22 of the Amended Complaint.

23. DBS denies the allegations in paragraph 23 of the Amended Complaint.

24. DBS denies the allegations in paragraph 24 of the Amended Complaint.

25. DBS denies the allegations in paragraph 25 of the Amended Complaint.

## COUNT 3
(DECLARATORY JUDGMENT OF INVALIDITY)

26. DBS repeats and incorporates by reference its responses to each of the preceding paragraphs as if fully set forth herein.

27. DBS denies the allegations in paragraph 27 of the Amended Complaint.

28. DBS denies the allegations in paragraph 28 of the Amended Complaint.

29. DBS denies the allegations in paragraph 29 of the Amended Complaint.

## COUNT 4
(TORTIOUS INTERFERENCE)

30. DBS repeats and incorporates by reference its responses to each of the preceding paragraphs as if fully set forth herein.

31. DBS denies the allegations in paragraph 31 of the Amended Complaint.

DBS denies each and every allegation in the Amended Complaint not expressly admitted above. The headings within the Amended Complaint do not require a response. To the extent they require a response, DBS denies any allegations in the headings of the Amended Complaint. DBS also denies that Plaintiffs are entitled to the judgment and relief prayed for in paragraphs (a)-(g) of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs have failed to plead their claims, in whole or in part, with the specificity required by the Federal Rules of Civil Procedure.

### Third Affirmative Defense

Venue in this district is inconvenient for the parties and witnesses and contrary to the interests of justice. The alleged actions and transactions constituting the alleged tortious interference did not occur within New York.

### Fourth Affirmative Defense

At all times, DBS has acted and competed lawfully, without any improper motive or means, and in good faith, and has not engaged in any unfair, deceptive or otherwise unlawful conduct.

### Fifth Affirmative Defense

Plaintiffs have infringed and/or are infringing at least one valid and enforceable claim of U.S. Patent No. 5,474,774.

### Sixth Affirmative Defense

Plaintiffs have infringed and/or are infringing at least one valid and enforceable claim of U.S. Patent No. 5,525,341.

### Seventh Affirmative Defense

Plaintiffs have infringed and/or are infringing at least one valid and enforceable claim of U.S. Patent No. 5,646,178.

### Eighth Affirmative Defense

Plaintiffs have infringed and/or are infringing at least one valid and enforceable claim of U.S. Patent No. 5,650,432.

DBS specifically reserves the right to assert each and every other defense that may become evident in the course of discovery.

### DEMAND FOR JURY TRIAL

DBS demands trial by jury for all issues so triable.

WHEREFORE, DBS denies that Plaintiffs are entitled to any of the relief prayed for in their Amended Complaint and prays that the Court:

A. Dismiss the Amended Complaint with prejudice;

B. Deny all relief requested by Plaintiffs, and any relief whatsoever;

C. Award DBS the costs, reasonable attorneys' fees and disbursements (including expert fees) it has incurred in this action; and

D. Grant such other and further relief as the Court deems just, proper, and equitable.

Dated: August 2, 2011                              WARD GREENBERG HELLER & REIDY LLP

                                                        s/Sharon M. Porcellio
Sharon M. Porcellio
Eric J. Ward
300 State Street
Rochester, New York 14614
Phone: (585) 454-0714
Fax: (585) 231-1921

Attorneys for Defendant,
Decas Botanical Synergies, LLC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

COTT CORPORATION and CLIFFSTAR, LLC,

                        Plaintiff,                  Case No.: 11-cv-0552

vs.

DECAS BOTANICAL SYNERGIES, LLC
and JLB, INC.,

                        Defendant.

---

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2011, I filed the foregoing Answer to Amended Complaint with the Clerk of the District Court using the CM/ECF system, which sent notification to attorneys for plaintiffs: Lippes Mathias Wexler Friedman LLP (Dariush Keyhani, Kevin J. Cross and Richard M. Scherer, of counsel), 665 Main Street, Suite 300, Buffalo, New York 14203.

Dated: August 2, 2011

                                              s/Sharon M. Porcellio
                                              Sharon M. Porcellio
                                              Ward Greenberg Heller & Reidy LLP
                                              *Attorneys for defendant*
                                              300 State Street
                                              Rochester, New York 14614
                                              (585) 454-0716
                                              sporcellio@wardgreenberg.com