UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

COTT CORPORATION, and
CLIFFSTAR, INC.,

                      Plaintiffs,

                                                               **Hon. Hugh B. Scott**

                      v.                                               11CV552A

                                                                  **Report**
                                                                     &
                                                                 **Recommendation**

DECAS BOTANICAL SYNERGIES, LLC,

                      Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 15). The instant matter before the Court is defendant's motion to transfer venue to the District of Massachusetts (Docket No. 21[1]). Responses to this motion were due by November 2, 2011, any reply was due by November 9, 2011, and the motion deemed submitted (without oral argument) on November 9, 2011 (Docket No. 22).

---

[1] In support of its motion, defendant submits the Declaration of Decas CEO Douglas Klaiber (with exhibits), its counsel's Declaration (with exhibits), Memorandum of Law, Docket No. 21; its Reply Brief and its counsel's Declaration (with exhibits, mapping software screen shot and patent case studies for this District and the District of Massachusetts), Docket No. 34.
      In opposition, plaintiffs submit their Memorandum of Law, Docket No. 26; their counsel's Declaration (with exhibits), Docket No. 27; the Declaration of Randy Bell, senior director, processing and grower relations for Cliffstar LLC, Docket No. 28; the Declaration of Charles Sutton, senior manager, technical services, Cliffstar, Docket No. 29; the Declaration of Melissa Slaven, analyst for grower relations, Cliffstar, Docket No. 30; the Declaration of Richard Star, a former employee of Cliffstar, Docket No. 31; the Declaration of Doug Lynch, another former Cliffstar employee, Docket No. 32

## BACKGROUND

This is a patent declaratory judgment action in which plaintiffs seek a declaratory judgment of non-infringement, invalidity, and unenforceability of four patents[2] (Docket No. 9, Am. Compl. ¶ 1). On or about June 29, 2011, plaintiffs filed their Complaint against defendant in this Court (Docket No. 1). On or about July 15, 2011, plaintiffs amended their Complaint (Docket No. 9). Defendants answered the Amended Complaint on or about August 2, 2011 (Docket No. 15), and later amended that responsive pleading (Docket No. 20).

Plaintiffs are Cott Corporation, a non-alcoholic retailer brand beverage company with its principal place of business in Florida[3], and Cliffstar, LLC, a wholly-owned subsidiary of Cott with its principal place of business in Dunkirk, New York (Docket No. 9, Am. Compl. ¶¶ 4-5). Plaintiffs allege that defendant is a Massachusetts limited liability company with its office in Carver, Massachusetts (id. ¶ 6). This case was venued in this District pursuant to 28 U.S.C. §§ 1391(c), 1400(b) (patent action may be brought in district where defendant resides or where defendant committed acts of infringement and has a regular and established place of business) (Docket No. 9, Am. Compl. ¶ 8). In its Amended Answer, defendant, while denying that venue is proper in this District (Docket No. 20, Am. Ans. ¶ 8), asserts counterclaims and claims that venue is proper in this Court (Docket No. 20, Am. Ans. Counterclaims ¶ 7).

In November 2010, defendant offered Cott a license for Defendant's Patents but defendant declined it. Defendant claimed that plaintiffs' cranberry products fell within the scope

---

[2] U.S. Patent Nos. 5,474,774; 5,525,341; 5,646,178; and 5,650,432; hereinafter collectively "Defendant's Patents".

[3] Plaintiffs state that Cott is headquartered in Mississauga, Ontario, Canada, which is within 100 miles of Buffalo, New York, Docket No. 26, Pls. Memo. at 3.

of Defendant's Patents and threatened that failure to enter into a licensing agreement would lead to patent litigation. (Docket No. 9, Am. Compl. ¶¶ 10-11, Exs. A, B.) From October 2010, defendant began contacting plaintiffs' customers, business partners, and potential customers and allegedly began to interfere with plaintiffs' business (id. ¶ 12). Plaintiffs now seek a declaratory judgment that they did not infringe upon these patents (id. ¶¶ 18-20), that the patents are unenforceable (id. ¶¶ 24-25), that they are invalid (id. ¶¶ 27-29). They claim that defendant tortiously interfered with current and prospective business relationships (id. ¶ 31).

After referral of this case to the undersigned, a Scheduling Conference was scheduled (Docket Nos. 16, 17) but not held since defendant filed the present motion to transfer venue (Docket No. 21; see Docket No. 23).

*Motion to Transfer Venue*

Defendant claims that it is a small, four-person operation which "acquired four patents directed towards extracts and compounds prepared from cranberries" and then contacted various companies, including plaintiffs, that manufacture and sell products containing cranberry extracts offering licensing agreements (Docket No. 21, Def. Memo. at 1, 2). Defendant now claims that instead of entering into a license, plaintiffs instead chose to file this lawsuit in their home jurisdiction which lacked any meaningful connection with the merits of this case (id. at 2). Defendant claims that there is tremendous inconvenience, expense and burden for defendant to defend this case in this District (id.). Defendant's four full-time employees and four to five part-time employees are in Carver, Massachusetts (id. at 2). Defendant argues that locus of the operative facts for both the patent and state law claims is Massachusetts (id. at 7). Defendant points out that the relevant documents are in Massachusetts and that witnesses that may need to

be compelled can not be done from the Western District of New York, while the District of Massachusetts is within 100 miles of at least one non-party company (id. at 8). As a small company, defendant claims that plaintiffs, a $2 billion revenue companies, are in a better position to travel to litigate their claims than defendant is to defend (id. at 9). Defendant argues that plaintiff's choice of forum should be entitled to little weight (id. at 9-10). As for judicial economy and interests of justice, defendant contends that the District of Massachusetts, with rules for patent cases, is better suited to handle this case (id. at 10-11).

Plaintiffs respond that their initial choice of venue deserves great deference, should be accorded substantial weight, Lencco Racing Co. v. Arctco, Inc., 953 F. Supp. 69, 72 (W.D.N.Y. 1997) (Larimer, Ch.J.); Duke, Holzman, Photiadis & Gresens LLP v. Cosentino, No. 08CV437, 2009 U.S. Dist. LEXIS 1001, at *11-12 (W.D.N.Y. Jan. 8, 2009) (Telesca, J.) (plaintiff's choice of forum must be given substantial weight, denying motion to transfer action to Southern District of Florida), and defendant's motion to change it should be denied (Docket No. 26, Pls. Memo. at 1, 2-3). They contend that Buffalo is a more convenient forum for witnesses, with plaintiffs' material witnesses all located in Dunkirk, New York (id. at 3-4; Docket Nos. 28, Bell Decl. ¶ 3; Docket No. 29, Sutton Decl. ¶ 3; Docket No. 30, Slaven Decl. ¶ 3). Plaintiff Cliffstar's manufacturing is in Dunkirk and it is the cranberry processing that is at issue here (Docket No. 26, Pls. Memo. at 4). Plaintiffs also identified two non-party witnesses they deem to be material who reside in Buffalo (id.; Docket No. 31, Star Decl.; Docket No. 32, Lynch Decl.).

Plaintiffs respond that the non-party witnesses can be deposed in their home districts and that no one has raised the concern that their testimony would have to be compelled. They also identify two former Cliffstar employees who reside in the Western District of New York who are

"paramount" to their case. (Docket No. 26, Pls. Memo. at 4-5.) As for the locus of operative facts, plaintiffs contend that the patent infringement claim is for the alleged infringing acts which occurred in the Western District of New York, and is the locus (id. at 6), while plaintiffs' tortious interference claim has multiple loci (Massachusetts, California, Washington, Maryland, Pennsylvania) (id. at 7). They also dispute defendant's contention that it is a small corporation with few employees; rather, defendant is a wholly-owned subsidiary of the second largest cranberry processor in the world (id. at 10; Docket No. 27, Pls. Atty. Decl., Exs. B, C, A, E (exhibits of Decas' webpages)), where as plaintiff Cott is the world's largest retailer brand beverage company (see Docket No. 21, Def. Memo. at 1-2).

Defendant, in reply, argues that the convenience of the parties favors transfer of this case to the District of Massachusetts since its witnesses would be inconvenienced by proceeding in the Western District of New York (Docket No. 34, Def. Reply Memo. at 1-3). The persons knowledgeable about defendant's patents and their documents are in Massachusetts (id. at 2, 3-4). Judicial efficiency would be meaningfully served in a transfer since the median disposition time for patent cases (rather than civil cases generally) is quicker in the District of Massachusetts than in this District (id. at 4-5; Docket No. 34, Def. Atty. Reply Decl., Exs. B, C).

## DISCUSSION

I. Standards

    A. Transfer of Venue

This Court may transfer a case to a different venue "for the convenience of the parties and witnesses, in the interest of justice . . . where it might have been brought," 28 U.S.C. § 1404(a), with the decision to transfer being within the sound discretion of the Court, Filmline (Cross-

Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989) (Docket No. 21, Def. Memo. at 4). See generally New Era Cap Co. v. Prinz Enterp., LLC, No. 06CV391, 2008 U.S. Dist. LEXIS 15281, at *2-5 (W.D.N.Y. Feb. 28, 2008) (Scott, Mag. J.) (discussing standard for interdistrict transfer under § 1404(a)). As noted by defendant (id. at 4-5), to prevail on a motion for transfer, the moving party "must demonstrate that an adequate alternative forum exists and that … the balance of convenience tilts strongly in favor of trial in the foreign forum." R. Maganlal & Co. v. M.G. Chemical Co., 942 F.2d 164, 167 (2d Cir. 1991).

"When considering a motion to transfer under § 1404(a), courts in this circuit consider a number of factors, including: (1) the convenience of witnesses and parties; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the locus of the operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the relative financial means of the parties; (6) the comparative familiarity of each district with the governing law; (7) the weight afforded plaintiff's choice of forum, and (8) judicial economy and the interests of justice. See Columbus McKinnon Corp. v. SST Casting, Inc., No. 08-cv-167S, 2009 WL 1563922, at *6 (W.D.N.Y. June 3, 2009) (citing Herbert Ltd. Partnership v. Electronic Arts Inc., 325 F. Supp. 282, 285-86 (S.D.N.Y. 2004); see also D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106-107 (2d Cir. 2006) (listing factors)." "No one factor is controlling or determinative, rather the Court must, in its discretion, balance all of the factors in making its decision," New Era Cap, supra, 2008 U.S. Dist. LEXIS 15281, at *5; Praxair, Inc. v. Morrison Knudsen Corp., No. 00CV892, 2001 U.S. Dist. LEXIS 1130, at *6 (W.D.N.Y. Feb. 6, 2001)

(Elfvin, J.). The cases vary as to whether one factor (the plaintiff's initial choice of forum[4], convenience to witnesses[5], the locus of operative facts[6], for examples) should have more substantial weight than the others.

The burden of demonstrating the desirability of transfer lies with the moving party and the plaintiff's choice of forum should not be disturbed "unless the defendants make a clear and convincing showing that the balance of convenience favors defendants' choice," Sunlight Solutions, LLC v. Birnbaum, No. 06cv683, 2008 WL 724215, at *7 (W.D.N.Y. Feb. 21, 2008) (Scott, Mag. J.) (Report & Recommendation, adopted by 2008 WL 724215 (W.D.N.Y. Mar. 18, 2008) (Arcara, Ch. J.)) (Docket No. 26, Pls. Memo. at 1) (emphasis omitted). No one factor controls but this Court, in its discretion, must balance all of the factors in deciding whether to transfer a case or not, New Era Cap Co., supra, 2008 U.S. Dist. LEXIS 15281, at *5; Praxair, Inc. v. Morrison Knudsen Corp., No. 00CV892, 2001 U.S. Dist. LEXIS 1130, at *6 (W.D.N.Y. Feb. 6, 2001) (Elfvin, J.).

   B.  Magistrate Judge Jurisdiction over Motion to Remand

The United States Court of Appeals for the Second Circuit held that motions to remand are dispositive under 28 U.S.C. § 636(b)(1)(A) for Magistrate Judge jurisdictional purposes. The Second Circuit held that these motions are not "pretrial matters" under that provision and that

---

[4] See, e.g., Lencco, supra, 953 F. Supp. at 72; Duke, Holzman, supra, 2009 U.S. Dist. LEXIS 1001, at 11-12.

[5] See, e.g., Beatie and Osborn LLP v. Patriot Sci. Corp., 431 F. Supp. 2d 367, 396 (S.D.N.Y. 2006).

[6] See, e.g., I Create Int'l, Inc. v. Mattel, Inc., No. 03 Civ. 3993, 2004 U.S. Dist. LEXIS 15477, at *9 (S.D.N.Y. Aug. 9, 2004) (citing cases).

Magistrate Judge can only render a Report & Recommendation on such motions, reversing precedent in this Court, Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008), rev'g, Williams v. Beemiller, Inc., No. 05CV836, 2006 U.S. Dist. LEXIS 69024, at *3 (W.D.N.Y. Sept. 26, 2006). Similarly, a motion to transfer venue divests the transferring Court of jurisdiction over the matter, Huff v. CSX Transp., Inc., 461 F. Supp. 2d 853 (S.D. Ill. 2006); Tharp v. Transworld Drilling Co., 367 F. Supp. 521 (W.D. Okla. 1973); see also Fisher v. United Airlines, Inc., 218 F. Supp. 223 (S.D.N.Y. 1963) (district court does not lose jurisdiction until the actual transfer of papers to another court pursuant to an order of transfer). If granted, so far as this Court is concerned the action would no longer exist and that decision is essentially dispositive as to this Court. Thus, a Report & Recommendation will be issued on defendant's motion to transfer venue here, but cf. New Era Cap, supra, 2008 U.S. Dist. LEXIS 15281 (decided by Order, Feb. 28, 2008, prior to Second Circuit's decision in Williams, 527 F.3d 259 (decided May 28, 2008)).

II.     Application

Defendant argues that Massachusetts is the more convenient forum for this action, since most of the operative facts occurred there, all of defendant's witnesses and documents are there, and the District of Massachusetts can exercise jurisdiction over certain non-parties while this Court may not (Docket No. 21, Def. Notice of Motion). The factors will be considered in turn.

A.     Convenience to Parties and Witnesses

As for the convenience of parties and witnesses, defendant argues that plaintiffs have an office in Massachusetts and that the District of Massachusetts is convenient to at least one potential witness, an out of state customer based in Connecticut (Docket No. 21, Def. Memo. at

6). But plaintiffs deny that their Massachusetts facility has anything to do with the issues arising in this case (Docket No. 26, Pls. Memo. at 4). Their witnesses are from Dunkirk, New York (id. 3-4; Docket Nos. 28, 29, 30). As for the non-party witnesses, plaintiffs identify two former Cliffstar employees as key witnesses, both of whom reside in Buffalo, New York (Docket No. 26, Pls. Memo. at 4-5; Docket Nos. 31, 32).

Either side will be inconvenienced regardless of which venue is selected. Thus, this factor is **neutral** as to which venue should ultimately hear this case.

B. Ability to Obtain Process to Compel Attendance

Related to the factor of the convenience of witnesses is the geographic range of the Court to subpoena reluctant witnesses. The scope of this Court's subpoena (as with the District Court for the District of Massachusetts) is within the entirety of the District and 100 miles of the place for deposition, hearing, trial production or inspection, Fed. R. Civ. P. 45(b)(2)(A), (B), or within the state of the issuing Court if service is allowed by state statute or rule, id., R. 45(b)(2)(C).

While plaintiffs' customers are not in either New York or Massachusetts, defendant has not shown that it would be necessary to compel their testimony and require subpoenas. If this action were transferred to the District of Massachusetts, the same subpoena issue would remain for the customers, aside from Connecticut-based Amerifit (now known as iHealth, Docket No. 21, Def. Memo. at 8-9), beyond the subpoena power of that Court. Thus, this factor also is **neutral** as to ultimate venue.

C. Location of Documents

As conceded by both parties (see Docket No. 21, Def. Memo. at 8; Docket No. 26, Pls. Memo. at 5), in the computer age the physical location of documents is less determinative as a

9

factor, see American S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc., 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007). Here, both sides point to the locations of their respective documents (for different aspects of this case) as supporting venue here or in the District of Massachusetts (compare Docket No. 34, Def. Reply Memo. at 3-4; Docket No. 21, Def. Memo. at 8 with Docket No. 26, Pls. Memo. at 5-6). Thus, this factor is **neutral** as to the choice of venue.

      D.      Locus of Operative Facts

           1.      Patent Claim

The parties differ as to what the operative facts are for plaintiffs' patent claims, and as a result where the operative facts occurred. Each party claims that their respective patents apply and that the other is infringing (or requires a license from the other to continue operating). The Amended Complaint (Docket No. 9) seeks declaratory judgment that plaintiffs did not infringe Defendant's Patents, that those patents are unenforceable or invalid. The cause of action seeking judgment regarding infringement would have its locus wherever the infringer designed, developed, and produced alleged infringing product, I Create Int'l, Inc. v. Mattel, Inc., No. 03 Civ. 3993, 2004 U.S. Dist. LEXIS 15477, at *9 (S.D.N.Y. Aug. 9, 2004). Here, that would have occurred purportedly in the Western District of New York. But in the action for declaratory judgment as to the validity or enforceability of Defendant's Patents, plaintiffs allege that defendant's actions in marking products that purportedly are not covered by defendant's patent (see Docket No. 9, Am. Compl. ¶ 22), or how defendant patented the processes claimed in Defendant's Patents rendered those patents invalid or unenforceable (see id. ¶ 27). Defendant claims these occurred in Massachusetts (Docket No. 21, Def. Memo. at 6-7).

For the patent claims, there are multiple loci and hence two possible venues. This factor, therefore, is **neutral**.

    2.  Tortious Interference Claim

As for the state law tortious interference claim, where a state law claim arises from the same nucleus of operative facts as a patent claim, the doctrine of "pendent venue" applies, where the federal court may hear the claim related to the properly venued federal claim even if the related state law claim would not otherwise fulfill venue requirements, I Create Int'l,, supra, 2004 U.S. Dist. LEXIS 15477, at *8; Hsin Ten Enter. USA v. Clark Enters., 138 F. Supp. 2d 449, 462 (S.D.N.Y. 2000).

Defendant contends that any tortious interference occurred in Massachusetts (Docket No. 21, Def. Memo. at 10). The choice of law and which state's substantive law (New York or Massachusetts) applies to the tortious interference claim is not material in considering the factor of the locus of operative facts. As noted by plaintiffs (Docket No. 26, Pls. Memo. at 8), either this Court or the District Court for the District of Massachusetts is capable of applying the appropriate substantive law, including the applicable choice of law scheme, Prudential Sec. Inc. v. Norcom Dev., Inc., No. 97CV308, 1998 U.S. Dist. LEXIS 10569, at *17-18 (S.D.N.Y. July 15, 1998) (noting that the governing law factor is accorded little weight given the capability of federal courts to apply substantive law of other states); see Dwyer v. General Motors Corp., 853 F. Supp. 690, 694 (S.D.N.Y. 1994). The state substantive law would only come into play if the cause of action differed in the two states, that difference involved where relevant facts occurred, and the locus of some facts becomes more important than other facts. But no one has indicated that New York's cause of action for tortious interference differs from Massachusetts'

11

(see Docket No. 26, Pls. Memo. at 8) or that operative facts are applicable in one jurisdiction but not in another to state that cause of action. Thus, the state law claim and the locus of its operative facts is also **neutral** as to venue.

   3.  In Sum

Thus, these causes of action question the validity of the Defendant's Patents and whether defendant interfered with plaintiffs' contacts with its customers across the country. There is no clear venue as between this District and the District of Massachusetts under this factor; this factor is also **neutral**.

  E.  Familiarity With Governing Law

As for patent law, either this Court or the District of Massachusetts has the capacity to consider these issues. As just discussed above regarding the locus of operative facts, plaintiffs' tortious interference claim depends upon which jurisdiction's law applies and, as noted by plaintiffs (Docket No. 26, Pls. Memo. at 8), no choice of law analysis has been done and this Court (and the District of Massachusetts) is equally capable of applying the other state's tort law. Thus, this factor also is **neutral**.

  F.  Relative Financial Means of Parties

While plaintiffs argue the size of defendant's parent company and notes that defendant is its wholly-owned subsidiary (Docket No. 26, Pls. Memo. at 10) and stating that since all parties are corporations this factor should not bear any weight (id. at 9-10), defendant argues that it is "only a fraction" of the size of plaintiffs (Docket No. 21, Def. Memo. at 9). Defendant, with its total staff of nine employees, claims that it cannot defend an action in the Western District of

New York (id.), although plaintiffs note that defendant retained several law firms to defend this action, including counsel for its parent corporation (Docket No. 26, Pls. Memo. at 10-11).

Looking exclusively at the present parties (and not non-party parent corporations), plaintiffs are financially in a better position to prosecute this action in another forum than is the defendant. This factor favors hearing the case in the District of Massachusetts, but substantial weight should not be given to this factor since all parties in this action are corporations, It's a 10, Inc. v. pH Beauty Labs., Inc., 718 F. Supp. 2d 332, 338 (S.D.N.Y. 2010); Toy Biz v. Centuri Corp., 990 F. Supp. 328, 331 (S.D.N.Y. 1998). Thus, this factor is **neutral or slightly favors hearing this case in Massachusetts**.

      G.      Weight Afforded to Plaintiffs' Initial Choice of Forum

After amendment of § 1404(a), the plaintiff's choice of forum is no longer the decisive factor it often had been under the former forum non conveniens analysis. Defendants argue that plaintiffs' cranberry product processor is in Wisconsin and the operative facts have little connection with New York (Docket No. 21, Def. Memo. at 9). Plaintiffs counter that Cliffstar produced, processed, and distributed cranberry and cranberry-related products in Dunkirk, New York, and the operative facts occurred in this District (Docket No. 26, Pls. Memo. at 3).

While defendant complains that plaintiffs usurped their choice of forum for its patent infringement action (Docket No. 21, Def. Memo. at 9), this was a race to the courthouse that defendant initially did not intend to participate in, offering instead to grant a license to plaintiffs instead of seeking to litigate.

"Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed," Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947); Nrex Petroleum

Ltd. v. Access Indus., Inc., 416 F.3d 146, 154 (2d Cir. 2005) (Docket No. 26, Pls. Memo. at 2-3). Given the amendment to § 1404(a) this factor is not decisive but it still **favors keeping this action in the Western District of New York** in the absence of countervailing conditions.

      H.      Judicial Economy and Interests of Justice

As for judicial efficiency and the interests of justice, defendant notes the median disposition times for patent cases is lower in the District of Massachusetts than in the Western District of New York (Docket No. 34, Def. Reply Memo. at 4-5) and the District of Massachusetts has special patent rules implemented to expedite patent litigation (Docket No. 21, Def. Memo. at 10). Plaintiffs only point out that median disposition for civil cases generally is faster in this District than the District of Massachusetts (Docket No. 26, Pls. Memo. at 11).

The provision for expedited patent litigation favors venue of this case in the **District of Massachusetts**.

      I.      In Summary

Venue should be transferred if the balance tips <u>strongly</u> in favor of the other forum, R. Maganlal & Co., supra, 942 F.2d at 167 (emphasis added). Here, most of the factors are neutral as to the appropriate venue, and one factor (the weight afforded to plaintiffs' initial choice of forum) favor keeping this case in the Western District of New York while two other factors (the relative financial means of the parties and judicial efficiency and the interests of justice) support transferring the case to the District of Massachusetts, with one (the relative financial means of these corporations) given slight weight. To change venue requires a strong showing that defendant had the burden to make. In this dead heat of the factors, **change of venue would not be appropriate**.

As a result of weighing these factors, venue of this action should be **retained in the Western District of New York**; defendant's motion to transfer to the District of Massachusetts (Docket No. 21) should be **denied**.

III.    Results

Following any objections filed to this Report & Recommendation, disposition of same, and denial of this motion, a Scheduling Conference will be set by this Court.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion to transfer venue to the District of Massachusetts (Docket No. 21) be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v.

Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

                                                   /s/ Hugh B. Scott
                                                   Hon. Hugh B. Scott
                                               United States Magistrate Judge

Dated: Buffalo, New York
        December 23, 2011